JOHN STEITZ, Respondent, v. BENEDICT GIFFORD, Appellant.

Argued December 7, 1938; decided February 28, 1939.

*Irving I. Goldsmith, Monroe Collenburg* and *Adolph F. Bruenner* for appellant. The courts below erred in permitting the respondent to recover for the profits which he claimed to have lost both on the corn he harvested and sold and even on the corn which he failed to harvest or sell. The jury should have been charged that the respondent

was only entitled to recover the value of his own services while he was incapacitated. (*Weir* v. *Union Ry. Co.*, 188 N. Y. 416; *Gombert* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 273; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58; *Masterton* v. *Village of Mt. Vernon*, 58 N. Y. 391; *Galanis* v. *Simon*, 222 App. Div. 330; *Hewlett* v. *Brooklyn Heights R. R. Co.*, 63 App. Div. 423.)

*Harold V. A. Drumm* for respondent. The wrongdoer is responsible for the natural and proximate consequences of his conduct, and what are such consequences must be left for the determination of the jury. (*Ehrgott* v. *Mayor*, 96 N. Y. 264; *Garrison* v. *Sun Printing & Pub. Assn.*, 207 N. Y. 1.) The true measure of damage was applied when all the facts are taken into consideration, and especially for the reason that the plaintiff's earnings were chiefly personal, with only a small amount of invested capital, and that he did not have a foreman nor any one to run his business, and this fact is clearly emphasized for the reason that after his injuries he was unable to make the deliveries called for in his contracts. (*Galanis* v. *Simon*, 222 App. Div. 330; *Humphrey* v. *Trustees of Columbia University*, 228 App. Div. 168; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Kronald* v. *City of New York*, 186 N. Y. 40; *Ehrgott* v. *Mayor*, 96 N. Y. 264; *Spreen* v. *Erie R. R. Co.*, 219 N. Y. 533.)

RIPPEY, J. The defendant appeals from a judgment of the Appellate Division, third department, affirming the judgment of the Supreme Court at a trial term for Columbia county in favor of the plaintiff for $4,470.55 damages arising out of an automobile accident. There were four causes of action set up in the complaint; the first cause was for personal injuries to the plaintiff; the second, for special damages arising out of his alleged inability to pursue profitably his special occupation because of his injuries; the third, for damages to his truck and trailer; and the fourth, for the loss of the load of produce he was transporting at the time of the accident. Defendant admitted liability for the

accident and the only matter litigated was the question of damages. The only question open for consideration in this court is the propriety of the award of damages under the second cause of action.

The accident happened between nine and ten o'clock of the evening of August 12, 1933. Plaintiff was riding in a truck then being driven by an employee which was hauling a trailer loaded with sweet corn and pears en route to market to fulfill a contract for the sale of the corn, which contract required delivery not later than four o'clock on the morning of August 13th. Defendant's car ran into the truck head-on and demolished it and plaintiff received various bodily injuries.

Plaintiff was the operator of some four hundred acres of land planted to a special variety of sweet corn, its planting having been so arranged as to permit of its ripening, harvesting and delivery at different times. The corn upon eighty acres of this land ripened and delivery to market was required to be made during the week of August 13th. The plaintiff was, by education, training and experience, an expert in his particular line of work. He claimed that he had made arrangements to dispose of this eighty acres of sweet corn at two dollars per hundred ears. It was stipulated on the trial that there were eight hundred thousand ears of corn upon this particular tract. From the testimony of the plaintiff, the jury were authorized to find that various purchasers had agreed to accept delivery of at least 487,500 ears of this corn during the first five days of the week commencing August 13th at the price of two dollars per hundred ears, provided delivery could be made between three and four o'clock each morning of the day immediately following the picking for a large part thereof and before eight o'clock in the evening of the day of picking for the balance.

The load which plaintiff was delivering at the time of the accident (exclusive of the amount destroyed in the accident and otherwise compensated for) did not reach its destination. Plaintiff sold it upon the open market at a loss. Thereafter

and during the week of August 13th, 99,600 ears of corn were harvested with such help as plaintiff was able to get, but none of it was delivered according to contract because, as plaintiff alleges and the jury has found, he was unable to attend to the deliveries himself and his men were unable to get the corn ready in time for delivery. All of that corn was sold upon the open market at a loss. The court laid down the rule of damages as to those items to be the difference between the amount the corn sold for and the contract price, if there were valid contracts for the sale thereof in which the price was fixed.

There were some seven hundred thousand ears of corn that were not harvested. The evidence authorized a finding that there were valid contracts for the sale and delivery at definite hours as above stated of 391,000 ears and that it was impossible for the plaintiff, because of his injuries, to manage and operate his project, harvest the corn and fill the contracts. The jury were authorized to find upon the evidence that the business was of such a nature and character that it was impossible for the plaintiff to employ any one else to manage it for him, particularly in view of the necessity for immediate action after the accident. As to this item the court stated that if plaintiff was entitled to recover at all, he was entitled to recover the difference between the contract price, if there were valid contracts and there was a contract price, and the cost of harvesting and delivery.

It was the contention of the defendant that no evidence as to any of these contracts was admissible, on the ground that the plaintiff could not recover for loss of profits. Motion was made at the close of the case to strike out all evidence on that subject, which motion was denied, and exception was taken. Defendant insisted that the rules of damages adopted by the court were erroneous and the court was requested to charge that if plaintiff was entitled to recover at all for any such loss, " he is entitled only to the value of his services, which would be determined by ascertaining what it would cost to hire someone to do the

work — to do his work while he was incapacitated." This request was declined and an exception taken. Upon the facts appearing in this case, taken in conjunction with the charge as a whole, we think that the rules of damages adopted by the trial court were correct and there was no error in refusing to strike out evidence in regard to the contracts.

In actions in tort, there are certain well-settled and universally recognized rules relating to damages recoverable, as the court substantially charged. The person responsible for the injury must respond for all damages resulting directly from and as a natural consequence of the wrongful act according to common experience and in the usual course of events, whether the damages could or could not have been foreseen by him. The damages cannot be remote, contingent or speculative. They need not be immediate, but need to be so near to the cause only that they may be reasonably traced to the event and be independent of other causes. The fact that they cannot be measured with absolute mathematical certainty does not bar substantial recovery if they may be approximately fixed. The damages must be compensatory only. Reasonable certainty as to the amount is all that is required (*Curtis* v. *Rochester & Syracuse R. R. Co.*, 18 N. Y. 534). The mere fact that they are based upon loss of profits *per se* does not bar recovery (*Griffin* v. *Colver*, 16 N. Y. 489; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Philadelphia, W. & B. R. R. Co.* v. *Howard*, 13 How. [U. S.] 307), provided they are reasonably certain in amount and can be traced directly and with reasonable certainty to the accident, to the exclusion of other causes. While these rules are generally understood, difficulties arise in their application to the peculiar facts involved in a particular case before the court, and such a difficulty confronted the trial court in the case at bar. It cannot be said that a fixed, categorically stated and arbitrary rule from which no variation is permissible is applicable to every case where facts in different cases so greatly differ, and necessity requires the formulation of a

rule that will fit the particular case without affecting the integrity of the above-stated general principles.

The solution of the question of whether the challenged evidence was admissible hinges upon a determination, as Judge HUBBS, after a review of the cases on the subject, pointed out in *Galanis* v. *Simon* (222 App. Div. 330, 333), of " whether the plaintiff belongs to a class where his income depends upon his personal skill, taste or ability in the particular calling, profession or business in which he is engaged, or whether he is engaged in a line of work which could be done by some one else who could be hired to take his place." Judge WERNER in *Walsh* v. *N. Y. C. & H. R. R. R. Co.* (204 N. Y. 58, at p. 68) put it this way: " Therefore, the first inquiry in each case is whether the loss sought to be recovered consists of profits which may not be proved, or earnings which may be proved. That is a question which depends upon the evidence in each instance." If the facts indicate " that the losses sought to be recovered were the uncertain and fluctuating increment of capital invested," the rule of damages contended for by defendant would apply. On the other hand, where there is but a small amount of invested capital " which was merely an incident or vehicle to the performance of services which were practically personal in their nature," the evidence to which objection has been made would be admissible.

The facts in the case at bar bring it within the latter class. The business of plaintiff was specialized and depended upon his personal effort. The necessity for immediate exercise of that effort was present; time for harvesting and delivery of the corn could not be postponed. Contracts had been made which were required to be filled at specified times. The evidence indicated that it was impossible to procure anybody else who could do the work required for plaintiff. No effort was made to show the profits of the business nor was it claimed by plaintiff that any recovery could be based upon any such showing. The loss did not hinge upon the amount of invested capital as a predominant element in the production of income. Little if any of the

land upon which the corn was planted was owned by plaintiff. The evidence shows nothing more than a mere incidental investment of capital. The evidence was directed solely to the question of the loss of the contracts based upon the contract price less the price of harvesting the corn and delivering it. The loss arose from plaintiff's personal inability to operate his business for a single week, the week of August 13, 1933, on the first day of which the accident occurred. The loss naturally flowed from the accident. Cause and effect were clearly indicated and no cause, other than the accident, was shown. The loss was not remote, uncertain, contingent or speculative. In general, the admission of the evidence and the formulation of the rules as to damages were not out of harmony with the discussion in somewhat analogous cases (*Masterton* v. *Village of Mount Vernon*, 58 N. Y. 391; *Weir* v. *Union Ry. Co.*, 188 N. Y. 416; *Gombert* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 273), in most of which cases recovery of damages was denied because loss was proven by evidence of profits accruing during previous years. The action of the trial court was fully sustained by the reasoning in other decisions (*Ehrgott* v. *Mayor*, 96 N. Y. 264; *Kronold* v. *City of New York*, 186 N. Y. 40; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, *supra;* *Spreen* v. *Erie R. R. Co.*, 219 N. Y. 533; *Galanis* v. *Simon*, *supra;* *Humphrey* v. *Trustees of Columbia University*, 228 App. Div. 168; *Ball* v. *Pardy Construction Co.*, 108 Conn. 549; same case with annotations, 63 A. L. R. 139). In view of the facts above recited and found by the jury on competent evidence, the rule that the measure of damages for the loss was the compensation ordinarily paid to others for rendering like services (*LoSchiavo* v. *Northern Ohio T. & L. Co.*, 106 Ohio St. 61; 27 A. L. R. 424; *Baxter* v. *Philadelphia & Reading Ry. Co.*, 264 Penn. St. 467; 9 A. L. R. 504, and like cases) has no application.

The judgment appealed from should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.