◼ JOHN HANNA et al., Doing Business under the Name of HANNA FARMS, Respondents, v. ROBERT POTTER, Appellant.— Appeal by defendant from an order of the Supreme Court at Special Term, granting leave to serve and file a specific amended complaint. The same Justice had previously dismissed the third and fourth causes of action alleged in the initial complaint for insufficiency. Only the third and fourth causes of action of the amended complaint are questioned on this appeal. Although no motion to dismiss the amended complaint has been made, Special Term in effect upheld the sufficiency of the amended complaint by allowing the specific amended complaint which was presented with the moving papers to be served. Both parties accept the fact that the issue on this appeal is the sufficiency of the third and fourth causes of action alleged in the amended complaint. It appears, in general, from the amended complaint that plaintiffs are copartners engaged in a very extensive market gardening operation, raising vegetables to be sold fresh upon the open market; that John Hanna, one of the partners, sustained disabling personal injuries due to the alleged negligence of the defendant, and that because of such disability the partnership sustained damages. The third cause of action alleges in substance that the injured partner had charge of and specialized in the harvesting and marketing of crops; that some 1,800 bushels of peas, a perishable product requiring immediate harvesting upon maturity, were lost with resultant damages because of the injured partner's inability to attend to the harvest and marketing. The damages are alleged to be " a direct consequence of the injuries sustained ". The fourth cause of action alleged damage to the partnership because of the necessity of hiring help to replace the services of the injured partner. Considering the allegations in their most favorable aspect, we think the two causes of action under attack are sufficient as a matter of pleading. We are not now concerned with the possible difficulties of proof or the rule of damages. It is enough if it is alleged that plaintiffs sustained damages resulting directly from and as a natural consequence of the wrongful act. The facts pleaded are very similar to the facts in *Steitz* v. *Gifford* (280 N. Y. 15), where recovery was allowed for damages resulting from inability to make timely delivery of sweet corn because of injuries to plaintiff. The only substantial difference is that in the *Steitz* case the plaintiff was under contract to deliver the sweet corn at specified times. Here there was no contract, but a fair implication of the allegations is that there was a stable and ready market for the peas, if harvested and delivered immediately upon maturity, and not otherwise. Of course plaintiff John Hanna has a beneficial individual interest in the partnership and he is entitled to only one recovery for loss of earnings or income. If an individual claim is asserted the trial court will be able to properly control the question of damages in any litigation arising from defendant's alleged wrong. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.