Anthony J. DiGtovanna, J.
This is a motion for a direction to the insurance carrier of defendant Strachan and the New York City Transit Authority to pay out the sums of money respectively agreed upon in the settlement of this action.
The accident occurred to the plaintiff on April 19,1970. There is'no doubt that hi.s injuries were of an extensive nature and the sum of $75,000 was the .agreed amount upon settlement of the action. Plaintiff has been a welfare recipient since 1963, receiving welfare assistance estimated in the total sum of $50,000.
Subdivision 1 of section 104-b of the Social Services Law provides : “ 1. If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such *125 recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred.” (Emphasis supplied.)
In a letter dated January 16,1973 addressed to the plaintiff’s attorney, General Counsel for the Department of Social Services stated as follows:
“ We fix our claim at $50,000.
“Your settlement is $75,000, your fees $25,000. It is the decision of the Social Service Center to recover the entire amount. We paid client $44,000.00 in cash to date plus his $13,140.02 hospital bills following his April 18, 1970 accident.
“ Doctor Hersay who treated client in the hospital is not entitled to $800.00 as our payment to the hospital is in full; our payment includes doctors’ bills (18 NYCRR 85.8).”
In an opposing affidavit by an attorney in the office of the Commissioner of Social Services it is stated as follows: “ While a statutory lien created by Section 104b Social Services Law in favor of the public welfare official attaches to the proceeds of settlement of a personal injury claim, the instant case also involves an assignment of the proceeds of such claim to the extent of public assistance granted and to be granted to the plaintiff and his family, executed by the plaintiff and his wife on November 10, 1970.” It appears, however, that the $44,000 referred to includes assistance not only to the injured plaintiff but to his family. Thus, if the suggestion of the Commissioner is followed the attorney for the plaintiff would receive his legal fee, to which he is entitled, the Department of Social Services would receive $50,000 and the injured plaintiff would receive nothing. This result, unexplained by factual proof, shocks the conscience of the court. It appears to be the claim of the Commissioner that the general assignment is greater in scope than the statutory lien referred to and that the plaintiff is obligated to pay out of the proceeds of his personal injury action moneys received by the remainder of his family not connected with the accident. It is this court’s opinion that subdivision 1 of section 104-b limits the claim of the Commissioner of Social Services only to the total amount of assistance for care furnished to the plaintiff on and after the date that the injuries were incurred and up to and including the date of the receipt of the proceeds of ■the settlement. Inherent in a claim for personal injuries is the principle that damages received for such personal injuries are *126 intended to restore the injured person to the state of health he had prior to his injuries because that is the only way the law knows how to recompense one for personal injuries suffered. In view of the vagueness of the allegations in the affidavits a hearing will be held at this court in the Trial Term, Part XIII courtroom on March 5, 1973 at 10:00 in the forenoon at which time the attorneys for the plaintiff and representatives of the Department of Social Services shall attend and offer proof with respect to the claims as to the liens. Pending such hearing determination of the instant motion will be held in abeyance.