Fuchsberg, J.
(dissenting). As the majority acknowledges, the facts pleaded in this case of first impression meet the essential negligence law prescriptions of foreseeability and causation (see Sewar v Gagliardi Bros. Serv., 51 NY2d 752, 758-759, and cases cited thereat [concurring opn]). And, unlike in Park v Chessin (46 NY2d 401, 411-412, 416 [majority opn and concurring opn]), where damage to the child was unascertainable, here we must assume that defendants’ alleged negligence made the legally demonstrable difference between life in an impaired state and life in an unimpaired state. In this connection, it is well to remember the traditional tort rule that the “person responsible for the injury must respond for all damages resulting directly from and as a natural consequence of the wrongful act according to common experience and in the usual course of events, whether the damages could or could not have been foreseen by him” (Steitz v Glifford, 280 NY 15, 20; see 9 Fuchsberg, Encyclopedia New York Law, Damages, § 41).
Yet, the right to recover is now denied because of the novelty of this ground-breaking suit, the possibility that it will lead to an unknown number of similar claims and on other policy grounds. Such alarums, which cut across what conceptually would otherwise be meritorious and legally cognizable cases, are, it seems to me, best addressed to the Legislature. All the more is this so since experience has proved that the prophesies of ’ doom and gloom rarely, if ever, come to pass (see, e.g., discussions in Judge Desmond’s opn in Woods v Lancet, 303 NY 349; and Judge Keating’s dissent in Tobin v Grossman, 24 NY2d 609, 619-621).
I also add a word about the undocumented fear that the pressing of such suits, presumably no matter how just, would lead to the practice of “defensive medicine”. If that *276 means more careful medicine, such as takes place when second surgical opinions are obtained, it would appear to be all to the good. I cannot believe it implies that physicians worth their salt would do other than what is best for their patients.
Chief Judge Cooke and Judges Jasen, Gabrielli and Jones concur with Judge Wachtler; Judge Fuchsberg dissents and votes to reverse in a separate opinion; Judge Meyer taking no part.
Order affirmed.