■ BERNARR C. SCHAEFFER, Appellant, v MARSHALL C. LIPTON, Respondent. [629 NYS2d 515] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Torraca, J.), entered April 28, 1994 in Ulster County, upon a verdict rendered in favor of defendant.

Plaintiff negotiated for the purchase of a parcel of land in the Town of Esopus, Ulster County, upon which he intended to expand his plastics fabrication business. Plaintiff engaged defendant, an attorney, to represent him in connection with the purchase and, because the property was located in a residential zone, to ensure that the property could be devoted to plaintiff's intended commercial use. After plaintiff advised the Town Building Inspector and the Town Supervisor of his plans and obtained a letter stating that the intended use would be al-

lowed because of a prior commercial use of the property, plaintiff entered into a contract for purchase of the property. After the closing of title, however, plaintiff was unable to obtain a permit to operate his business on the property, and a subsequent application for a use variance was denied, a determination upheld upon judicial review (*see, Matter of Schaeffer v Zoning Bd. of Appeals*, 142 AD2d 848). Plaintiff subsequently brought this legal malpractice action to recover damages allegedly resulting from his purchase of what he characterizes as useless property and his efforts at obtaining a use variance and for lost profits occasioned by his inability to proceed with his plan to expand his business. The matter ultimately came on for trial, and plaintiff now appeals Supreme Court's judgment dismissing the complaint following a jury's determination that, although defendant was negligent in his representation of plaintiff, defendant's malpractice was not the proximate cause of plaintiff's damages.

We are constrained to reverse Supreme Court's judgment and order a new trial. After the parties had finished putting in their evidence, including testimony concerning damages, Supreme Court unilaterally determined to submit only the issues of negligence and proximate cause to the jury, with the issue of damages to be thereafter submitted if the jury determined that defendant's negligence proximately caused damage to plaintiff. Following its deliberations and a request for further instruction on the issue of proximate cause, the jury responded affirmatively to the first question, "Was [defendant] proven to your satisfaction by a fair preponderance of the evidence, guilty of malpractice *that caused alleged damages to the plaintiff?*" (emphasis supplied), but negatively to the second question, "Was the malpractice of the defendant a proximate cause of the alleged damages to the plaintiff?" Defendant's subsequent motion to set aside the verdict as against the weight of the evidence (based upon the assertion that it was "inconsistent with any proof in this case") and "upon all other grounds set forth in the [CPLR]" was denied by Supreme Court.

In our view, Supreme Court committed reversible error in its unilateral bifurcation of the liability and damage issues and in its denial of defendant's motion to set aside the verdict. First, as compared to a personal injury action, where the issue of proximate cause can generally be resolved by merely determining whether defendant put in motion the agency by which the plaintiff's injuries were inflicted (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520-521), in a legal malpractice action the causation issue is more complex and subtle. In the absence of

proper instructions on the question of damages, such as to permit the jury to properly focus on the nature of damages that may have resulted, it was impossible for the jury to make a reasoned determination on the question of whether defendant's breach of duty actually caused plaintiff any damage. Second, the issue of causation was actually submitted to the jury twice, with inconsistent responses. We construe the language of the first interrogatory: "that caused alleged damages to the plaintiff" (emphasized above), as requiring the jury to make a finding of proximate cause in order to give an affirmative response to the question. This fundamental inconsistency in the jury's verdict, even though poorly articulated in defendant's dismissal motion, cannot be permitted to stand (*see, Nallan v Helmsley-Spear, Inc., supra,* at 517-518; *Cayuga Press v Lithografiks, Inc.,* 211 AD2d 908; *Vera v Bielomatik Corp.,* 199 AD2d 132).

Crew III, White, Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court for a new trial.