■ Bernarr C. Schaeffer, Appellant, v Marshall C. Lipton, Respondent. [663 NYS2d 392] —Mercure, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered September 16, 1996 in Ulster County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing plaintiff's third cause of action, and (2) from an order of said court,

entered December 31, 1996 in Ulster County, which, *inter alia,* denied plaintiff's motion for leave to amend the complaint.

Plaintiff commenced this legal malpractice action in 1989 to recover for money damages allegedly resulting from his purchase of realty that he was unable to utilize for its intended purpose, the site of a proposed plastics manufacturing plant.* Following our prior decision and remittal for a new trial (217 AD2d 845), plaintiff moved to strike the defense of culpable conduct, to preclude any evidence of the rental value of the property or its market value at the time of its purchase, to permit plaintiff to offer proof concerning damages flowing from his loss of opportunity to manufacture and market unique plastic structural panels referred to as "Schaeffer panels" and, finally, for a ruling that plaintiff's damages and those of his subchapter S corporation, Usheco, Inc., are coextensive and permitting evidence as to the latter. Defendant cross-moved for partial summary judgment dismissing plaintiff's third cause of action for economic losses allegedly flowing from plaintiff's inability to use the property to produce and develop the Schaeffer panels upon the ground that any such losses were sustained solely by Usheco, which is not a party to the action. Supreme Court denied plaintiff's motion, granted defendant's cross motion and dismissed plaintiff's third cause of action. Plaintiff subsequently moved to amend the complaint to add Usheco as a plaintiff and to reargue his prior motion. Supreme Court denied the motion and plaintiff now appeals both orders.

Initially, we agree with Supreme Court's conclusion that, notwithstanding plaintiff's status as a 95% shareholder of Usheco, a closely held subchapter S corporation, he lacked standing to sue in his own name for injuries to the corporation (*see, Glenn v Hoteltron Sys.,* 74 NY2d 386, 392-393; *Abrams v Donati,* 66 NY2d 951, 953; *Quatrochi v Citibank,* 210 AD2d 53). The general rule is that "[f]or a wrong against a corporation a shareholder has no individual cause of action, though he loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation" (*Abrams v Donati, supra,* at 953; *see, Davis v Magavern,* 237 AD2d 902; *Elenson v Wax,* 215 AD2d 429), and this case presents no established exception (*see, Glenn v Hoteltron Sys., supra; Abrams v Donati, supra*). It is our further view that Supreme Court did not err in denying plaintiff's motion to amend the complaint to add Usheco as an additional plaintiff because there is no evidence that defendant committed legal malprac-

---

* A more detailed statement of the underlying facts and proceedings may be found in our decision on a prior appeal (217 AD2d 845).

tice with regard to that entity. To the contrary, it is undisputed that plaintiff engaged defendant to represent him in connection with the purchase of the subject realty, and plaintiff contracted to and in fact did take title to the property in his own name. Under the circumstances, we agree with defendant that there is no colorable claim of an attorney-client relationship between Usheco and defendant.

Nonetheless, the fact that Usheco has no right of recovery against defendant does not compel the conclusion that plaintiff's third cause of action, which seeks to recover for damages allegedly flowing from plaintiff's inability to expand his "existing plastic fabrication business", is lacking in merit. Contrary to the conclusory assertions offered in support of defendant's cross motion, we see nothing that would preclude plaintiff from developing, manufacturing and marketing the Schaeffer panels or any other product as a sole proprietorship. Defendant having failed to satisfy his initial burden of supporting the summary judgment motion with a prima facie showing of entitlement to judgment as a matter of law, Supreme Court was required to deny the cross motion regardless of the sufficiency of plaintiff's opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

As a final matter, we conclude that Supreme Court properly denied plaintiff's motion to strike the affirmative defense of plaintiff's culpable conduct (*see,* CPLR 1411).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order entered September 16, 1996 is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for partial summary judgment dismissing the third cause of action of the complaint; cross motion denied; and, as so modified, affirmed. Ordered that the order entered December 31, 1996 is affirmed, without costs.