■ JAMIE TOWERS HOUSING COMPANY, INC., Appellant, v WILLIAM B. LUCAS, INC., Respondent and Third-Party Plaintiff. W.R. BROWN & Co., P.C., Third-Party Defendant-Respondent. [745 NYS2d 532] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered February 26, 2001, which, in an action by a residential cooperative against its former managing agent and former accountant to recover interest paid on delinquent real estate taxes, granted the motions of defendant and third-party plaintiff and third-party defendant for summary judgment dismissing the complaint, unanimously reversed, on the law, the motions denied, the complaint reinstated and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered May 9, 2001, which deemed plaintiff's motion "to renew or reargue" as one to reargue only, and denied it, unanimously dismissed, without costs, as academic in light of the foregoing disposition.

In dismissing plaintiff's sole remaining claim for $472,043 in interest it was required to pay on delinquent taxes due to New York City, the IAS court, relying upon *Alpert v Shea Gould Climenko & Casey* (160 AD2d 67), held that interest paid to a taxing authority is generally not recoverable. In response to plaintiff's claim that it should at least be entitled to recover the difference between the 18% interest paid and the market rate, the court also held that plaintiff failed to offer any evidence that the rate of interest charged by the IRS during the relevant period was similar to or higher than the 18% charged by the City. In *Alpert*, which involved a fraud claim arising from a subsequently disallowed tax shelter scheme, this Court, citing *Freschi v Grand Coal Venture* (767 F2d 1041), held that interest paid to the IRS upon disallowance of tax deductions was "not damages * * * but * * * a payment to the IRS for * * * use of the money during the period of time when [the taxpayer] was not entitled to it" (160 AD2d, *supra* at 72). The Court also found that to permit recovery of interest and penalties assessed by the IRS on funds wrongfully unpaid would result in the windfall to plaintiff of both having used the tax moneys for seven years and recovering all interest thereon.

Here, however, plaintiff, allegedly through no fault of its own, was unnecessarily caused to pay $472,043 in interest to the City due to its managing agent's failure to timely pay certain real estate taxes for the 1991/1992 tax year. As such, the recovery of such interest as an element of its damages would not constitute an impermissible windfall or put plaintiff

in a "better position" than it was in prior to its managing agent's alleged misfeasance (*cf.*, *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422-423) and it should be entitled to prove such damages, if any. Those would ordinarily be measured not by the difference in interest rates charged by the City and the IRS, but by the actual amount of interest and late charges paid to the City due to the alleged misfeasance, subject to any offset of the actual income derived from the funds in question during the relevant period of time. Concur—Mazzarelli, J.P., Andrias, Saxe, Wallach and Marlow, JJ.