[794 NYS2d 301]

HILDEGARD BEHRENS et al., Respondents, v METROPOLITAN OPERA ASSOCIATION, INC., Appellant.

First Department, April 7, 2005

## APPEARANCES OF COUNSEL

*Chesney & Murphy, LLP,* Baldwin (*Marie I. Goutzounis* of counsel), for appellant.

*Bressler, Amery & Ross, P.C.,* New York City (*Kenneth M. Moltner* of counsel), for respondents.

## OPINION OF THE COURT

GONZALEZ, J.

In this action for personal injuries by a professional singer, the issue to be decided is whether the injured plaintiff has standing to seek recovery for lost earnings and royalties, notwithstanding that all of her professional earnings are paid directly to her wholly-owned S-corporation, and not to her individually. We find that because plaintiff is suing to recover her lost earnings, not the corporation's lost profits, and because she has alleged a breach of duty owed to her individually, distinct from any duty owed to the corporation, Supreme Court properly denied defendant's motion seeking dismissal of plaintiff's claim for lost earnings and royalties.

Plaintiff, a renowned opera singer, is the chief executive officer, president and sole shareholder of an S-corporation known as Canta Fidelia. On April 28, 1990, plaintiff sustained personal injuries during the course of performing at defendant Metropolitan Opera House (the Met). It is alleged that certain stagehand employees of defendant negligently caused portions of the scenery and stage appurtenances to be moved prematurely, causing plaintiff to be struck in the head by a heavy beam.

In 1991, plaintiff commenced the instant action for personal injuries, alleging causes of action in negligence, gross negligence and strict liability. Plaintiff sought damages for physical, psychological and financial injuries. In her bill of particulars, plaintiff identified her damages as including past lost earnings

in the form of fees forfeited by canceled performances, and future lost earnings and royalties resulting from periodic performance interruptions and a shortened career.

During discovery proceedings, it was disclosed that all of plaintiff's performance contracts were entered into by Canta Fidelia, signed by plaintiff as president. With only minor exceptions, all the earnings from her performances and royalties were paid directly to Canta Fidelia. Plaintiff drew an annual salary as an employee of Canta Fidelia and she filed her own individual tax returns, separate from the corporate tax return of Canta Fidelia.

Plaintiff's and Canta Fidelia's tax returns also revealed that between 1990 and 1993, plaintiff's salary drawn from Canta Fidelia actually increased in the two years after her injury— $395,000 in 1990, $500,000 in 1991 and $480,000 in 1992. At the same time, the profits of Canta Fidelia drastically declined— $354,143 in 1990, $97,000 in 1991 and $19,234 in 1992.

In March 2004, the Met moved for partial summary judgment seeking dismissal of that portion of plaintiff's damages consisting of past and future lost earnings and royalties. The Met argued that plaintiff lacked standing to sue for lost corporate profits of Canta Fidelia and that plaintiff, as a salaried employee of Canta Fidelia, suffered little or no lost earnings between 1990 and 1993. Plaintiff opposed the motion, asserting that she has standing based on the Met's breach of a duty owed to her individually, separate and distinct from the contractual obligations between the Met and Canta Fidelia.

By order entered June 28, 2004, Supreme Court denied the Met's motion, holding that the individual plaintiff had standing to bring this action because a tort had been committed against her personally. According to the court, under New York law, a shareholder of a corporation may bring an individual suit if the defendant has violated an independent duty to the shareholder.

Subsequent to this order, plaintiff moved for leave to amend the complaint in order to add Canta Fidelia as a party plaintiff. In an October 14, 2004 order, the court granted the motion to amend, despite questioning the need for it given its prior ruling that the individual plaintiff had standing to sue.

On appeal, the Met continues to argue that plaintiff has no standing to sue for injuries to her S-corporation. According to the Met, only the corporation, not an individual shareholder, may sue to recover the lost profits of a corporation. The Met as-

serts that since only Canta Fidelia lost income, the corporation is the only entity with standing to sue for those losses. We disagree.

Initially, the Met's characterization of plaintiff's lost earnings claim as one for the "lost profits" of Canta Fidelia is inaccurate. Plaintiff's complaint seeks damages for personal injuries to an individual, plaintiff Behrens, as a result of the negligent conduct of the Met. It does not name Canta Fidelia as a plaintiff, it does not seek any damages on the corporation's behalf and it makes no mention of any lost profits. The Met may not unilaterally alter plaintiff's claim for lost earnings by the simple expedient of saddling the damages requested with an inaccurate label of "lost profits."

While it is true that under New York law, an individual shareholder has no right to bring an action in his own name and on his own behalf for a wrong against a corporation, the law recognizes an exception when the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged (*Abrams v Donati*, 66 NY2d 951, 953 [1985]). In the instant case, plaintiff has alleged precisely such a duty—an independent tort duty on the part of the Met to exercise reasonable care to avoid causing injury to her.

In tort actions, an injured plaintiff may recover from the defendant all damages directly flowing from and as a natural consequence of the wrongful act, so long as the damages may be ascertained with reasonable certainty (*Steitz v Gifford*, 280 NY 15, 20 [1939]). Such damages may include past and future lost earnings (*Tassone v Mid-Valley Oil Co.*, 5 AD3d 931, 932 [2004], *lv denied* 3 NY3d 608 [2004]; PJI 2:290).

Generally, the lost profits of a business owned or operated by an injured plaintiff are not recoverable as lost earnings if the profits depend for the most part on the employment of capital or the labor of others (*Steitz,* 280 NY at 21; 22 Am Jur 2d, Damages § 451; PJI 2:295). Where, however, the lost profits are the direct result of the plaintiff's inability, because of injuries, to devote his or her personal skill, talent or ability to the business, the decline in profits following the injury is admissible to show the plaintiff's loss of earning capacity (*Steitz, supra*; Am Jur, *supra*; PJI 2:295; *see also Sezonov v Wagner*, 274 Ill App 3d 511, 513-514, 654 NE2d 252, 254 [App Ct, 2d Dist 1995]; *Young v Stewart*, 101 NC App 312, 399 SE2d 344 [Ct App 1991], *review denied* 328 NC 735, 404 SE2d 879 [Sup Ct 1991]).

In this case, there is no evidence that the profits of Canta Fidelia were the result of any infusion of capital investment or

the labor of others. Rather, the record indicates that virtually all of the income and earnings of the corporation were exclusively the products of fees and royalties earned by plaintiff in her professional career as an opera singer. As such, the lost profits of Canta Fidelia are relevant and admissible to assist the jury in determining plaintiff's lost earnings.

Contrary to the Met's argument, the fact that plaintiff's salary (drawn from Canta Fidelia) increased during the two years following her injury does not preclude a finding of lost earnings. The proper test is not whether plaintiff's salary was reduced for these years, but whether her earnings were reduced because of her injury. The Met ignores the possibility that but for the injury, plaintiff's earnings (and Canta Fidelia's) likely would have been far greater. Indeed, plaintiff's bill of particulars demonstrates that her injuries forced her to cancel several scheduled performances and put future performances in doubt, resulting in the potential forfeiture of substantial professional fees. Although these moneys would have been paid directly to Canta Fidelia, not plaintiff, under the terms of the performance contracts, it is logical to conclude that plaintiff's personal income likewise would have increased.

The cases cited by the Met in support of its lack of standing argument are inapposite, as they involve commercial disputes where a corporate shareholder is attempting to bring an action in his own name for an economic wrong committed against the corporation (*see Schaeffer v Lipton,* 243 AD2d 969 [1997] [individual shareholder lacked standing to bring action for legal malpractice in his own name for injuries to corporation]; *Quatrochi v Citibank,* 210 AD2d 53 [1994] [shareholder lacked standing to sue for injury to corporation involving breach of contract and lost profits in sale of painting]; *General Motors Acceptance Corp. v Kalkstein,* 101 AD2d 102, 105-106 [1984] [shareholder has no standing to sue for breach of personal services contract where corporation was contracting party], *appeal dismissed* 63 NY2d 676 [1984]).

In contrast, this case involves an individual plaintiff bringing a tort action to recover damages for her own personal injuries, including her lost earnings. The losses to her corporation are merely an incidental loss for which she is not seeking recovery. That plaintiff has legally and appropriately directed that her earnings be paid directly to her S-corporation is not grounds to deny her recovery of lost earnings, assuming, of course, that those earnings may be ascertained with reasonable certainty.

Accordingly, Supreme Court's June 28, 2004 order denying the Met's motion for partial summary judgment should be affirmed.

■ The court's subsequent order, however, granting plaintiff leave to amend her complaint to add Canta Fidelia as an additional plaintiff, must be reversed. The corporation Canta Fidelia has no colorable claim against the Met for negligence, gross negligence or strict liability (see Schaeffer, 243 AD2d at 970-971 [court did not err in denying motion to add corporation as additional plaintiff where no evidence that defendant committed legal malpractice with regard to that entity]).

While Canta Fidelia suffered economic loss in a manner similar to plaintiff, plaintiff has alleged no viable theory in which a corporate entity may sue derivatively for economic loss resulting from personal injury to its employee. Indeed, there is substantial authority from this and other jurisdictions holding that corporate employers enjoy no such right (see Ferguson v Green Is. Contr. Corp., 36 NY2d 742 [1975] [an employer has no right to recover damages sustained when one of its employees is injured in consequence of the negligence of a third party]; Barry & Sons, Inc. v Instinct Prods. LLC, 15 AD3d 62 [2005]; Castle v Williams, 338 Ill App 3d 708, 711-712, 788 NE2d 421, 424 [App Ct, 4th Dist 2003]).

Accordingly, the order of the Supreme Court, New York County (Alice Schlesinger, J.), entered June 28, 2004, which denied defendant's motion for partial summary judgment dismissing plaintiff's claim for lost earnings and future earnings and royalties, should be affirmed, without costs, and order, same court and Justice, entered October 14, 2004, granting plaintiff's motion for leave to amend her complaint to add Canta Fidelia as an additional party plaintiff, should be reversed, on the law, without costs, and the motion denied.

BUCKLEY, P.J., MAZZARELLI, SULLIVAN and WILLIAMS, JJ., concur.

Order, Supreme Court, New York County, entered June 28, 2004, affirmed, without costs, and order, same court, entered October 14, 2004, reversed, on the law, without costs, and plaintiff's motion to amend complaint denied.