■ JOHN J. SHALAM, Respondent, v KPMG LLP et al., Defendants, and HVB STRUCTURED FINANCE, INC., Appellant. [837 NYS2d 647]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered September 11, 2006, which denied defendant HVB's motion to dismiss the first amended complaint in its entirety, unanimously affirmed, with costs.

As a threshold matter, the motion court correctly determined that plaintiff investor has standing to sue (*see Behrens v Metropolitan Opera Assn., Inc.*, 18 AD3d 47 [2005]). Congo Ventures served no purpose other than as a vehicle through which the transactions were effectuated. For tax purposes, Congo Ventures' income, profit and losses were passed through to plaintiff. Plaintiff here seeks recovery of fees paid with respect to the illegal bond linked issue premium structure (BLIPS) tax strategy and his loss of legitimate tax savings opportunities, not losses suffered by Congo Ventures as a result of HVB's breach of contractual obligations. Plaintiff, not Congo Ventures, paid $3.85 million in fees to defendants and suffered the loss of tax savings opportunities. Plaintiff's injury is traceable directly to HVB's actions. Furthermore, plaintiff alleges that various misrepresentations were made to him personally in order to induce him to enter into the BLIPS transaction, thus raising an inference that a separate wrong injured only plaintiff.

The motion court also correctly held that the first and second causes of action, read together, state a claim for conspiracy to

---

fraudulently induce plaintiff to enter into the BLIPS tax strategy. HVB has admitted that its "activities in connection with [BLIPS] and other transactions included . . . participating in transactions purporting to be loans that were not bona fide loans . . . [and] in creating documentation that contained false representations concerning the purpose and design of the transactions." HVB also admitted that it "agreed to help prepare and execute documents that made it falsely appear the 'loans' were part of a purported highly leveraged investment program on the part of the clients. There was no highly leveraged investment program." Domenick DeGiorgio, cohead of HVB's financial group that oversaw HVB's participation in the BLIPS, admitted, inter alia, that "an essential part of creating reported tax losses depended on the bank purporting to provide a loan structured in a particular way." "[I]n furtherance of the scheme," he and others "caused HVB to prepare and execute various false documents that made it appear that HVB was providing real loans when in reality it was not." DeGiorgio also admitted that "BLIPS falsely claimed that the investment component of the program was leveraged when it was not." HVB admittedly entered into loans that were not bona fide and had no legitimate business purpose.

HVB drafted the loan documentation presented to plaintiff, acted as the counterparty on the loan transaction, worked with Presidio and KPMG to structure and implement the loan transaction and was aware that the BLIPS strategy was not legitimate. HVB and the other defendants represented to plaintiff that the tax strategy was legitimate, when in fact it was not. The motion court correctly concluded that the amended complaint sufficiently alleges tortious acts committed by HVB in furtherance of a conspiracy to "promote, market and implement BLIPS through the use of false and misleading statements, and in a fraudulent way."

Finally, we reject HVB's claims that certain provisions in the International Swap Dealers Association master agreement negate the element of reasonable reliance.

We note that, pursuant to a stipulation dated February 8, 2007, plaintiff has withdrawn, without prejudice, his cross appeal. Thus, we do not reach his arguments addressed to such portion of the order as struck his demand for damages in the form of tax deficiencies and interest paid to the relevant taxing authorities. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and McGuire, JJ. [See 13 Misc 3d 1205(A), 2006 NY Slip Op 51697(U).]