■ JOHN J. SHALAM, Respondent-Appellant, v KPMG LLP et al., Defendants, and HVB STRUCTURED FINANCE, INC., Appellant-Respondent. [843 NYS2d 17]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered September 11, 2006, which denied defendant HVB's pre-answer motion to dismiss the first amended complaint in its entirety and struck plaintiff's demand for damages in the form of tax deficiencies and interest paid to the relevant taxing authorities, unanimously affirmed, with costs.

As a threshold matter, the motion court correctly determined that plaintiff investor has standing to sue (*see Behrens v Metropolitan Opera Assn., Inc.,* 18 AD3d 47 [2005]). Congo Ventures served no purpose other than as a vehicle through which the transactions were effectuated. For tax purposes, Congo Ventures' income, profit and losses were passed through to plaintiff. Plaintiff here seeks recovery of fees paid with respect to the illegal bond linked issue premium structure (BLIPS) tax strategy and his loss of legitimate tax savings opportunities, not losses suffered by Congo Ventures as a result of HVB's breach of contractual obligations. Plaintiff, not Congo Ventures, paid $3.85 million in fees to defendants and suffered the loss of tax savings opportunities. Plaintiff's injury is traceable directly to HVB's actions. Furthermore, plaintiff alleges that various misrepresentations were made to him personally in order to induce him to enter into the BLIPS transaction, thus raising an inference that a separate wrong injured only plaintiff.

The motion court also correctly held that the first and second causes of action, read together, state a claim for conspiracy to fraudulently induce plaintiff to enter into the BLIPS tax strategy. HVB has admitted that its "activities in connection with [BLIPS] and other transactions included . . . participating in transactions purporting to be loans that were not bona fide loans . . . [and] in creating documentation that contained false representations concerning the purpose and design of the transactions." HVB also admitted that it "agreed to help prepare and execute documents that made it falsely appear the 'loans' were part of a purported highly-leveraged investment program on the part of the clients. There was no highly lever-

aged investment program." Domenick DeGiorgio, cohead of HVB's financial group that oversaw HVB's participation in the BLIPS, admitted, inter alia, that "an essential part of creating reported tax losses depended on the bank purporting to provide a loan structured in a particular way." "[I]n furtherance of the scheme," he and others "caused HVB to prepare and execute various false documents that made it appear that HVB was providing real loans when in reality it was not." DeGiorgio also admitted that "BLIPS falsely claimed that the investment component of the program was leveraged when it was not." HVB admittedly entered into loans that were not bona fide and had no legitimate business purpose.

HVB drafted the loan documentation presented to plaintiff, acted as the counterparty on the loan transaction, worked with Presidio and KPMG to structure and implement the loan transaction and was aware that the BLIPS strategy was not legitimate. HVB and the other defendants represented to plaintiff that the tax strategy was legitimate, when in fact it was not. The motion court correctly concluded that the amended complaint sufficiently alleges tortious acts committed by HVB in furtherance of a conspiracy to "promote, market and implement BLIPS through the use of false and misleading statements, and in a fraudulent way." Furthermore, we reject HVB's claims that certain provisions in the International Swaps and Derivatives Association Master Agreement negate the element of reasonable reliance.

The motion court properly struck plaintiff's claims for unrecoverable damages (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 614 [1994] [punitive damages]; *Sweazey v Merchants Mut. Ins. Co.*, 169 AD2d 43, 45-46 [1991], *lv dismissed* 78 NY2d 1072 [1991] [consequential and punitive damages]). Recovery for taxes and interest that plaintiff paid to the relevant taxing authorities is precluded under this Court's ruling in *Alpert v Shea Gould Climenko & Casey* (160 AD2d 67 [1990]), noting that "recovery of back taxes would place plaintiffs in a better position than had they never invested in [the tax shelter scheme]" (*id.* at 72). Likewise, interest on the taxes paid does not constitute damages sustained by plaintiff but represents merely "a payment to the IRS for his use of the money during the period of time when he was not entitled to it" (*id.*; *see also Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422-423 [1996]; *Gaslow v KPMG LLP*, 19 AD3d 264 [2005]). Cases relied upon by plaintiff involving negligence by an accountant or other agent resulting in exposure to liability that would not have been incurred "but for their accountant's

negligence" (*Ronson v David S. Talesnick, CPA*, 33 F Supp 2d 347, 355 [D NJ 1999]) are distinguishable and do not require a different outcome (*see Jamie Towers Hous. Co. v William B. Lucas, Inc.*, 296 AD2d 359 [2002]). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and McGuire, JJ. [*See* 13 Misc 3d 1205(A), 2006 NY Slip Op 51697(U).]

Reargument granted and, upon reargument, the decision and order of this Court entered on June 14, 2007 (41 AD3d 200 [2007]) recalled and vacated and a new decision and order substituted therefor.