Fox Paine & Co., LLC v Equity Risk Partners, Inc. (2020 NY Slip Op 07868)





Fox Paine & Co., LLC v Equity Risk Partners, Inc.


2020 NY Slip Op 07868


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-11124
 (Index No. 52607/14)

[*1]Fox Paine & Company, LLC, et al., respondents,
v
Equity Risk Partners, Inc., et al., appellants.


Holland & Knight LLP, New York, NY (John M. Toriello and Marc L. Antonecchia of counsel), for appellants.
Boies Schiller Flexner LLP, Armonk, NY (Courtney R. Rockett and Jeremy C. Vest of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated August 23, 2019. The order denied the defendants' motion pursuant to CPLR 3124 to compel the plaintiffs to produce documentary evidence relating to a 2012 settlement agreement between the plaintiffs and third parties.
ORDERED that the order is affirmed, with costs.
The plaintiff Saul A. Fox founded the plaintiff Fox Paine & Company, LLC (hereinafter FPC), a private equity firm. In 2006, the defendant Equity Risk Partners, Inc. (hereinafter ERP), procured general partnership liability insurance and other excess insurance for FPC. The defendant HUB International Insurance Services, Inc., later acquired ERP. The defendants allegedly knowingly acted to benefit certain third parties who were adverse to the plaintiffs, which led to the third parties obtaining insurance proceeds under the policies obtained by ERP for FPC.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and fraud. The defendants moved pursuant to CPLR 3124 to compel the plaintiffs to produce documents relating to a 2012 settlement agreement with the third parties. The Supreme Court denied the motion. The defendants appeal.
Where two or more people are "liable or claimed to be liable in tort for the same injury" and the injured party settles his or her claim against a tortfeasor, General Obligations Law § 15-108(a) reduces any claim that the injured party has against any nonsettling tortfeasors for the same injury. In this action, the plaintiffs seek to recover their attorneys' fees incurred during litigation between the plaintiffs and the third parties that was settled in 2012 (hereinafter the settled litigation). The complaints and demands for arbitration comprising the settled litigation included requests for attorneys' fees in the ad damnum clauses of the respective documents. The defendants contend that the injury alleged in this action and the injury alleged in the settled litigation is the same and, as such, they are entitled to discovery concerning the valuation of that settlement agreement.
We agree with the Supreme Court's determination that the injuries alleged in the settled litigation and the injury alleged herein are different and accordingly, General Obligations Law § 15-108 does not apply. "Injury" and "damages" are distinct (see 36 NY Jur 2d Damages §§ 1, 8; 22 Am Jur 2d Damages § 1; see generally Caronia v Philip Morris USA, Inc., 22 NY3d 439, 447; Steitz v Gifford, 280 NY 15, 20). The settled litigation was unrelated and alleged separate injuries. To the extent that the plaintiffs sought attorneys' fees in the complaints and demands for arbitration comprising the settled litigation, the evidence demonstrates that those were demands for damages. General Obligations Law § 15-108 "only applies where tortfeasors are liable in tort for the same injury" (Ackerman v Price Waterhouse, 252 AD2d 179, 204 [internal quotation marks omitted]; see Gonzalez v Jacoby & Meyers, 258 AD2d 560). Accordingly, we agree with the court's determination denying the defendants' motion to compel the plaintiffs to produce documentary evidence concerning the 2012 settlement agreement.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court