Apollo Mgt., Inc. v Cernich (2022 NY Slip Op 00964)





Apollo Mgt., Inc. v Cernich


2022 NY Slip Op 00964


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 653234/20 Appeal No. 15294 Case No. 2021-02315 

[*1]Apollo Management, Inc. et al., Plaintiffs-Respondents,
v
Stephen Cernich, et al., Defendants-Appellants.


Arkin Solbakken LLP, New York (Lisa C. Solbakken of counsel), for appellants.
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., New York (John P. Sefick of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 19, 2021, which, to the extent appealed from as limited by the briefs, denied in part defendants' motion to dismiss the complaint under CPLR 3211(a)(1) to the extent of allowing plaintiffs to pursue damages for the costs of developing the confidential information at issue and allowing the unjust enrichment claim to continue against defendant Stephen Cernich, unanimously modified, on the law, to vacate that part of the order finding that defendants were not, as a matter of law, "affiliates" of nonparty Imran Siddiqui and to dismiss the unjust enrichment claim as duplicative of the aiding and abetting claims, and otherwise affirmed, without costs.
Supreme Court erred in finding, as a matter of law, that the word "affiliates" in the release entered into between plaintiffs and Siddiqui could not be read to include defendants Cernich and Huan Tseng (see Wachter v Kim, 82 AD3d 658, 662-663 [1st Dept 2011]). The word "affiliates" may apply to individuals, and is "not commonly understood to apply only to entities" (id. at 662). Furthermore, the arbitrator's conclusion, in an earlier arbitration against different parties, that the release did not apply to nonparty Ming Dang does not serve as a conclusive basis for finding that the release did not apply to defendants. Accordingly, the scope of the release language with respect to Cernich and Tseng was ambiguous, and Supreme Court should have simply denied the motion to dismiss without determining the meaning of the release language as a matter of law.
Supreme Court properly determined that plaintiffs will be permitted to seek, among other things, compensatory damages in the form of recovery of their development costs of confidential information with respect to the aiding and abetting claims. While plaintiffs did not specifically allege a claim for aiding and abetting misappropriation of confidential information, their claims for aiding and abetting breach of fiduciary duty and fraud were intrinsically tied to the primary wrongdoers' misappropriation of confidential information. Furthermore, the complaint sufficiently alleges that, by aiding and abetting the primary wrongdoers' conduct, defendants diminished the worth of plaintiff's confidential information by robbing it of the value of its confidentiality (see E.J. Brooks v Cambridge Sec. Seals, 31 NY3d 441, 449 [2018]). Indeed, the law is settled that "[t]he person responsible for the injury must respond for all damages resulting directly from and as a natural consequence of the wrongful act" (Steitz v Gifford, 280 NY 15, 20 [1939]).
However, the unjust enrichment claim asserted against Cernich was duplicative of plaintiffs' aiding and abetting claims, and should have been dismissed (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012] [an unjust enrichment claim alleging wrongdoing cannot be pleaded in the alternative to a tort claim where it is based on the [*2]same facts and seeks the same damages]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022