*953 OPINION OF THE COURT
Memorandum.
The judgment appealed and the order of the Appellate Division brought up for review should be affirmed, with costs.
For a wrong against a corporation a shareholder has no individual cause of action, though he loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation (Citibank v Plapinger, 66 NY2d 90, 93, n; General Motors Acceptance Corp. v Kalkstein, 101 AD2d 102, appeal dismissed 63 NY2d 676; Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn., 58 AD2d 177). Exceptions to that rule have been recognized when the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged (General Rubber Co. v Benedict, 215 NY 18 [director of parent corporation who acquiesced in the misuse of funds of its subsidiary; action by parent maintainable]; Hammer v Werner, 239 App Div 38 [issuance of treasury stock to directors at an inadequate price and without affording plaintiff the right to purchase his proportionate part; individual action maintainable]). But allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually (see, e.g., Niles v New York Cent. & Hudson Riv. R. R. Co., 176 NY 119; Carpenter v Sisti, 45 AD2d 529, 531). A complaint the allegations of which confuse a shareholder’s derivative and individual rights will, therefore, be dismissed (Greenfield v Denner, 6 NY2d 867, revg on dissenting opn of Breitel, J., 6 AD2d 263, 268; Brock v Poor, 216 NY 387; see, Witherbee v Bowles, 201 NY 427, 433), though leave to replead may be granted in an appropriate case (Greenfield v Denner, 6 AD2d, at p 271, supra).
Here plaintiff pleads a conspiracy to terminate his employment as president of Donrico, Inc., and to depress the value of its stock so that the stock could be acquired by the corporation under the shareholders’ agreement at a greatly depreciated price, but mixes those allegations with charges of diversion of corporate assets by the padding of expenses and the fraudulent reduction of the price of Donrico’s products to a corporate purchaser owned by one of the conspirators. The wrongs thus *954 pleaded are to Donrico, Inc.; there is no claim that plaintiff sustained a loss disproportionate to that sustained by Donrico, or that defendants breached an independent duty owed plaintiff, or that if the corporation is made whole in a derivative action plaintiff will be unable to enforce his right under the employment agreement to damages for its breach and under the shareholders’ agreement to the higher price he claims was due him for his stock. The more particularly is this so in light of the fact that plaintiff’s second cause of action, since discontinued, sought damages for the claimed wrongful termination of the contract employing him as Donrico’s president. His first cause of action was, therefore, properly dismissed. Moreover, the Appellate Division’s failure to grant him leave to replead involved no abuse of discretion in light of the absence of any request on his part for such relief and the fact that his claim against defendant Houbigant, Inc., had been earlier dismissed on the ground that it alleged wrongs to Donrico resulting in a proportionate decrease in the value of plaintiff’s stock which afforded him no right to individual relief.
Concur: Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.