■ COUNTY OF NASSAU, Appellant, v SEELYE STEVENSON VALUE & KNECHT, INC., et al., Defendants, and CASWELL INTERNATIONAL CORP., Respondent. [627 NYS2d 562] —Appeal by the plaintiff from stated portions of an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 22, 1993.

Ordered that the order is affirmed insofar as appealed from, with costs, for reasons stated by Justice DiNoto at the Supreme Court. Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur.

■ BRIAN ELENSON et al., Appellants, v ABRAHAM WAX et al., Respondents. [626 NYS2d 531] —In an action to recover damages, *inter alia,* for breach of contract, conversion, and corporate waste, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), dated April 9, 1993, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

It is axiomatic that a shareholder has no individual cause of action to recover damages for a wrong against a corporation, even if that shareholder loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation *(see, Abrams v Donati,* 66 NY2d 951). Allegations of mismanagement or diversion of assets by officers or directors for their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually *(see, Abrams v Donati, supra).* In this case, the majority of the plaintiffs' claims allege that the individual defendant caused injury to a corporation alleged to be jointly owned by the plaintiff Brian Elenson and the individual defendant. As such, neither of the plaintiffs may maintain these claims individually; they may only sue derivatively.

To the extent that the plaintiffs have asserted nonderivative causes of action, we find that dismissal pursuant to CPLR 3211 (a) (7) is warranted. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.