[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 101
The defendant has filed a motion to strike the plaintiff's complaint on the grounds that New York law does not recognize an individual cause of action against a director or officer of a corporation for failure to declare sufficient dividends, the payment of excessive compensation and the making of improper loans.
The following facts are pertinent to the court's consideration of this matter: The plaintiff in the present case, Arnold Van Hoven Bernhard filed a three count complaint against his twin sister, Jean Bernhard Buttner on May 15, 1995. In his complaint. Bernhard alleges that he and Buttner are the sole shareholders of Arnold Bernhard Co. Inc. ("AB Co."). Bernhard alleges that Buttner owns 25,001 shares of the Class B stock of AB Co., and that Bernhard owns 24,999 shares. As such, Bernhard alleges, Buttner exercises voting control over the affairs of AB Co.
In the first count of his complaint, Bernhard alleges that Buttner has breached her fiduciary duty to him by causing AB 
Co. to reduce and delay its dividend payments "for the sole purpose of oppressing and punishing Bernhard." In the second count of his complaint, Bernhard alleges that Buttner has breached her fiduciary duty to AB Co. and its shareholders, including Bernhard, by paying excessive compensation from AB 
Co. to herself and others. In the third count of his complaint, Bernhard alleges that Buttner has breached her fiduciary duty to the AB Co. and its shareholders, including Bernhard, by causing AB Co. to make improper loans to Bernhard family CT Page 12208 trusts of which Buttner is a beneficiary. In his prayer for relief, Bernhard seeks monetary damages, punitive damages, an accounting for the alleged improper loans, and temporary and permanent injunctions enjoining Buttner from reducing or delaying dividends in bad faith, paying excessive compensation to herself and others and making improper loans.
On June 7, 1995, Buttner filed a motion to strike each of the counts of Bernhard's complaint on the ground that under New York law, Buttner can not bring the causes of action alleged except in the form of a derivative action on behalf of AB Co. Buttner filed a supporting memorandum of law on the same date.
On June 21, Bernhard filed a memorandum of law in opposition to Buttner's motion. On July third, Buttner filed a supplemental memorandum in favor of her motion to strike and Bernhard filed a supplemental memorandum of law in opposition to Buttner's motion. The parties agree that New York law applies to their rights and duties with respect to the present action. Nevertheless, "in a choice of law situation the forum state will apply its own procedure." Paine Webber Jackson Curtis, Inc.v. Winters, 22 Conn. App. 640, 650, 579 A.2d 545 (1990); accordChasse v. Albert, 147 Conn. 680, 684, 166 A.2d 148 (1960). Hence, the court will apply New York law to the substantive issues raised by the present motion and Connecticut law to the procedural issues."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). Buttner's motion challenges Bernhard's standing to bring a direct action against a corporate director. See Feign v.Advance Capital Management Corp. , 150 App.Div.2d 281, 541 N.Y.S.2d 797
(1989). "A party's standing constitutes a question of subject matter jurisdiction." Murray v. State Liquor Authority,139 App.Div.2d 461, 527 N.Y.S.2d 384, 385; see also Third TaxingDistrict v. Lyons, 35 Conn. App. 795, 798 647 A.2d 32 (1994). Standing is appropriately raised in Connecticut by a motion to dismiss; see Ziska v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985); however, "once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545,590 A.2d 914 (1991). Furthermore, "[w]henever a lack of CT Page 12209 jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). Consequently the court will address the issues raised by the parties as subject matter jurisdictional in nature.
Buttner argues in her memoranda of law in support of her motion that, in all three counts of Bernhard's complaint, he has failed to state claims upon which relief may be granted because the claims are brought by Bernhard individually, as a stockholder, rather than derivatively, on behalf of AB Co. Bernhard argues, in his memoranda of law in opposition to Buttner's motion, that because AB Co. is a close corporation, Buttner owes Bernhard a fiduciary duty that is separate from the duty owed by Buttner to AB Co. Bernhard contends that, in such circumstances, New York law permits a minority shareholder to sustain an individual action against a majority shareholder/director arising out of that separate duty.
In general, in actions to compel the declaration of dividends and in actions against directors for waste or misappropriation of corporate assets, "[r]edress is sought, not in the individual right of the minority stockholders, but through the corporation." Gordon v. Elliman, 306 N.Y. 456,460-61, 119 N.E.2d 331 (1953). "A stockholder has no individual cause of action to recover dividends that have not been declared. All that he can do is to sue in equity to cause the court to perform a corporate function which the directors would have done except for their bad faith." Id. 462. Also, Abramsv. Donati, 66 N.Y.2d 951, 953, 489 N.E.2d 751, 498 N.Y.S.2d 782
(1985) ("For a wrong against the corporation, a shareholder has no individual cause of action, though he loses the value of his investment. . . . [A]llegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only."
As the Abrams v. Donati court recognized, however, "[e]xceptions to that rule have been recognized when the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged. . . ." (citations omitted.) Id. For example, in In re Estate ofSchulman, 165 App.Div.2d 499, 568 N.Y.S.2d 660, 663 (1991), the court found that a confidential relationship existed between the individual stockholder and Schulman, the deceased, a trusted CT Page 12210 personal friend and advisor. The confidential relationship in turn gave rise to a fiduciary duty, which, the court held, "was separate, distinct from and more pervasive than the fiduciary duties generally owed shareholders by a corporate officer or director. Therefore, [the stockholder] could sue directly for her losses. . . ." Id. Also Giblin v. Murphy, 97 App.Div.2d 668,469 N.Y.S.2d 211, 215 (1983) (plaintiff permitted to maintain direct action due to defendants' breach of independent duty to plaintiff arising out of stock pledge agreement between the parties); Chalmers v. Eaton Corp. , 71 App.Div.2d 721, 419 N.Y.S.2d 217,218-220 (1979) (direct action by plaintiff permitted when defendant breached independent duty to plaintiff arising out of joint venture agreement). In each of these cases, the required independent duty arose from a separate agreement or special relationship between the parties.[1]
At least one commentator has noted that "close corporations, with their intricate nexus of expectations and personal relationships, are bound together by a web of fiduciary duty. In such corporations, individual shareholders owe duties, fiduciary in character, to one another. . . . The fiduciary relationship between directors and the entire corpus of shareholders establishes a right to derivative relief. The special obligation to minority shareholders, however, creates a direct action on their behalf." 1 R. Magnuson, Shareholder Litigation, c. 9, § 9.07, p. 17 (1994).
Bernhard would have this court hold that he has sufficiently alleged that Buttner owed him an independent fiduciary duty because he has alleged that he is a minority shareholder in AB Co., a close corporation. Bernhard claims that Buttner breached her independent duty to him by failing to declare proper dividends, accepting excessive compensation and causing AB Co. to make improper loans. In support of his position, Bernhard argues that Buttner's failure to declare sufficient dividends could not constitute a breach of any duty owed to AB Co. because the "cessation of dividends has caused AB Co.'s cash reserves to grow . . . As such the only person to suffer any injury as a result of Buttner's actions is Bernhard. . . ." Plaintiff's Supplemental Memorandum of Law, p. 3.
Nevertheless, the cases cited by Bernhard in support of his position fail to demonstrate that New York courts have recognized an independent duty owing to shareholders to pay CT Page 12211 dividends or prevent waste. To the extent that the courts inGottfried v. Gottfried, 73 N.Y.S.2d 692 (Sup.Ct. 1947) andBaker v. Cohn, 42 N.Y.S.2d (Sup.Ct. 1942) permitted direct actions by shareholders against directors and/or officers, those cases were superseded by Gordon v. Elliman, supra, 306 N.Y. 456
and by Abrams v. Donati, supra, 66 N.Y.2d 951. In Gordon v.Elliman, supra, 306 N.Y. 466-67, the court characterized the duty to pay reasonable dividends as owing to the corporation rather than, as Bernhard argues, to individual stockholders. Contrary to Bernhard's position, the court stated "[a] corporation has an interest of its own in being well managed . . . [I]t is in the interest of a corporation to have a sensible dividend policy. . ." Id. Accordingly, the court concluded that actions to compel the payment of dividends are derivative. Id., 462, 466-68.
In addition, Bernhard's reliance upon Kennedy v. Kennedy,22 Misc.2d 924, 91 N.Y.S. 294, (Sup.Ct. 1949) is misplaced. That case does not, as Bernhard suggests, stand for the proposition that shareholders may bring a direct action to compel the repayment of improper loans made to a corporate officer/director/shareholder. In that case, the plaintiffs maintained that the corporation and/or the individual defendant had a contractual obligation to distribute advances of corporate funds (loans) to the various plaintiffs. The court stated that "whatever has been withheld from [the plaintiffs] as an advance not made should if it ever existed be found in the treasury of the corporation as surplus for distribution. . . . [I]f any one has illegally removed it from the corporate treasury or assets [the plaintiffs] may, by a derivative action compel its restoration." (Emphasis added.) Id., 934-35. There is no other discussion in the case relating to derivative and direct actions by stockholders. Hence, if Kennedy v. Kennedy, supports anyone's position, it is Buttner's.
Therefore, according to New York law, barring a separate agreement or special relationship between a shareholder and a corporate director or officer, no independent duty to the shareholder exists that would give rise to an individual action by a shareholder against a corporate director or officer. SeeAbrams v. Donati, supra, 66 N.Y.2d 951; Gordon v. Elliman, supra, 306 N.Y. 456. New York courts have not, as Bernhard argues, recognized an exception to this general rule when the corporation at issue is closely held. See Hoheb v. PathologyAssociates of Albany, 146 App.Div.2d 919, 536 N.Y.S.2d 894, 896-97
CT Page 12212 (1989); Abelow v. Grossman, 91 App.Div. 553, 457 N.Y.S.2d 30, 32
(1982); Winter v. Bernstein, 149 Misc.2d 1017, 566 N.Y.S.2d 1012
(Sup.Ct. 1991).
Bernhard has not alleged in his complaint that any agreement exists between him and Buttner that would give rise to an independent duty owed by Buttner to pay Bernhard dividends or to limit her salary or to refrain from making the alleged improper loans.
Bernhard does allege, however, that he and Buttner are siblings. Arguably, this could raise the possibility that his relationship with Buttner was confidential in nature.
Black's Law, Dictionary, 5th ed., 1979, defines "confidential relation" as, in part, "A fiduciary relation. It is a peculiar relation which exists between . . . guardian and ward, ancestor and heir, husband and wife, trustee and cestui que trust, . . . partners and part owners. In these and like cases, the law, in order to prevent undue advantage from the unlimited confidence or sense of duty which the relation naturally creates requires the utmost degree of good faith in all transactions between the parties. It appears when the circumstances make it certain that the parties do not deal on equal terms, but on the one side there is an overmastering influence, or on the other, weakness, dependence, or trust, justifiably reposed. The mere existence of kinship does not, ofitself, give rise to such relation." (Emphasis added)
Furthermore, Bernhard does allege in paragraph 17 of the First Count, that "There is intense hostility between Buttner and Bernhard." This hardly qualifies as an allegation of confidentiality between the parties.
Consequently, there being no allegations of a separate agreement or special confidential relationship between Bernhard and Buttner, then for the reasons discussed herein, Buttner does not have standing to bring the claims he asserts in the three counts of his complaint.
The Motion to Strike is granted, accordingly.
BY THE COURT
MAIOCCO, JUDGE. CT Page 12213