■ JEFFREY DAVIS et al., Appellants, v WILLIAM J. MAGAVERN, II, et al., Respondents. [654 NYS2d 517] —Order unanimously affirmed without costs. Memorandum: Keystone Rubber Products Corporation (Keystone) was dissolved on December 31, 1989 after having sold its assets for $6.25 million. One of those assets was real property in the City of Buffalo, which defendants Magavern, Hodgson and Bergan purchased in February 1989 for $45,000. Magavern is a partner in the defendant law firm of Magavern & Magavern, which represented Keystone in its dissolution. Plaintiffs, former stockholders of Keystone, allege in their complaint that the real property was worth at least $350,000. The complaint alleges causes of action against Magavern and his firm for breach of fiduciary duty and failure to disclose a conflict of interest, and a cause of action against Magavern, Hodgson and Bergan for unjust enrichment.

Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. "It is axiomatic that a shareholder has no individual cause of action to recover damages for a wrong against a corporation, even if that shareholder loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation" (Elenson v Wax, 215 AD2d 429). To recover for wrongs committed against a corporation, a shareholder must commence a shareholder's derivative action (see, Abrams v Donati, 66 NY2d 951, 953, rearg denied 67 NY2d 758). Here, the complaint alleges wrongs committed against the corporation, for which plaintiffs may sue only derivatively. Plaintiffs lack legal capacity to sue individually for the causes of action they assert (see, CPLR 3211 [a] [3]). Their request, made for the first time on appeal, for leave to serve amended pleadings is untimely. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Balio, JJ.