■ PAMELA J. FISCHBEIN, Appellant, v GEORGE B. BEITZEL et al., Respondents. [721 NYS2d 515] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 3, 1999, which, *inter alia*, granted defendants' respective motions to dismiss the complaint, unanimously affirmed, without costs.

In this challenge to the merger between Bankers Trust and Deutsche Bank, plaintiff, a stockholder of Bankers Trust, has alleged that Deutsche Bank acquired Bankers Trust at a price unfairly depressed at the stockholders' expense by excessive compensation and bonus arrangements provided by the Bankers Trust Board of Directors to certain bank directors and employees. These allegations, however, set forth "a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" (*Abrams v Donati*, 66 NY2d 951, 953), and plaintiff has failed to satisfy the requisites for maintenance of a shareholder derivative action since she has neither made a demand upon the bank's Board of Director's to initiate an action in the bank's behalf nor pleaded, in accordance with Business Corporation Law § 626, why such a demand would have been futile (*see, Marx v Akers*, 88 NY2d 189, 198).

Moreover, even if plaintiff had standing to bring a direct action, a complaint disputing payments made to corporate directors and/or executives must, to survive a motion to dismiss, "allege compensation rates excessive on their face or other facts which call into question whether the compensation was fair to the corporation when approved, the good faith of the directors setting those rates, or that the decision to set the compensation could not have been a product of valid business judgment" (*Marx v Akers, supra*, at 203-204), and the complaint herein, composed in the main of conclusory allegations, does not meet these pleading standards. Indeed, since the record does not indicate the existence of a viable claim by plaintiff, leave to replead was properly denied (*see, Hornstein v Wolf*, 67 NY2d 721, 723).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.