■ LIDO SEMENTILLI et al., Respondents, v GIUSEPPE RUSCIGNO et al., Appellants. [728 NYS2d 372] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered December 12, 2000, which denied defendants' motion to renew their summary judgment motion, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to renew granted, and, upon renewal, the motion for sum-

mary judgment granted and plaintiff given leave to amend the complaint to assert a claim for an accounting within 30 days of service of a copy of this order with notice of entry.

Contrary to plaintiff's contentions, defendants' motion was not one to reargue and the IAS court's denial of the motion to renew is an appealable order. Defendants moved for renewal based on testimony given by plaintiff's brother in a foreclosure proceeding. This evidence was not available at the time of defendants' earlier motions and it was relevant to issues raised in the motion.

We find that the motion court improvidently exercised its discretion in concluding that defendants' motion was untimely. A motion to renew pursuant to CPLR 2221 is not subject to the same time constraints set forth in CPLR 3212. Under the circumstances, the denial of the motion for untimeliness was improper. Further, we find that the explanation given for the delay in bringing the motion was sufficient.

Upon renewal and a review of the record, summary judgment must be granted to defendants since the action cannot be maintained by the individual plaintiff. The allegations in the complaint plead "a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" (*Fischbein v Beitzel*, 281 AD2d 167, quoting *Abrams v Donati*, 66 NY2d 951, 953). Moreover, the complaint does not set forth specific facts to support the fraud claim nor does it set forth viable claims against the corporate defendants. Clearly, the only viable cause of action is for an accounting against the individual defendant. Therefore, plaintiff is granted leave to serve an amended complaint to seek such relief. Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.