HITZIG, HANDLER, & SCHWINNING, M.D., P.C., a.k.a. Long Island Medical Associates, a.k.a. L.I. Medical Associates, a.k.a. Hitzig & Handler, M.D., P.C., Debtor,

Seymour L. Handler, M.D., Appellant,

v.

John S. PEREIRA, as Chapter 7 Trustee of Hitzig, Handler & Schwinning, M.D., P.C., debtor, Appellee.

Docket No. 01–5015.

United States Court of Appeals, Second Circuit.

Feb. 5, 2002.

Seymour L. Handler, M.D., Oceanside, NY, pro se.

A. Peter Lubitz, Esq., Rosenman & Colin New York, NY, for Appellees.

Present WALKER, Chief Judge, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Appellant Seymour Handler, *pro se*, appeals from the February 6, 2001 judgment of the district court (1) dismissing as untimely his appeal from the September 1, 1999 bankruptcy court order denying his motion to dismiss the filing of bankruptcy as fraudulent, and (2) affirming the February 16, 2000 bankruptcy court order approving the settlement of the bankruptcy estate of Hitzig, Handler, and Schwinning, M.D., P.C. under Chapter 7; two March 1, 2000 orders expunging appellant's claims 27, 93, 94, and 95 against the debtor; and the March 10, 2000 order denying his motion for a stay of the bankruptcy proceedings pending appeal to the district court.

On appeal, Handler argues that (1) his untimely notice of appeal from the September 1, 1999 order is excusable because allegations of fraud toll the statute of limitations; (2) the district court erred when it affirmed the bankruptcy court orders that expunged his claims, approved the settlement, and denied his motion for a stay; (3) the appellees' fraudulent transfer of corporate assets violated New York Business Corporation Law § 720; and (4) both the bankruptcy and district courts erred when they failed to rule on his motion to dismiss the trustee for cause.

Handler brought suit in state court against his former business partners, Gary S. Hitzig and John P. Schwinning, of Hitzig, Handler & Schwinning, M.D., P.C., d/b/a Long Island Medical Associates, P.C. ("debtor"), for alleged fraudulent transfers of corporate assets amounting to $1,000,000 in damages. Handler held approximately 38% of the shares in the firm. The case was removed to the district court for the Eastern District of New York. The debtor subsequently filed for Chapter 7 bankruptcy on May 8, 1998.

By order of the bankruptcy court, which the district court affirmed, fourteen of Handler's original claims were determined to be derivative actions ("Claims 1–14"), subject to the automatic stay provision of 11 U.S.C. § 362. His fifteenth claim for breaches of fiduciary duties brought against Hitzig and Schwinning in their individual capacities is currently pending in the district court. *See In re Hitzig, Handler & Schwinning*, 98 C.V. 5550, 1999 WL 498245, at *1–3 (S.D.N.Y. July 14, 1999).

Handler filed an additional claim ("Claim 27") against the debtor for

$1,168,000.67 in unpaid compensation for services performed between January 1997 through May 1998. Handler claimed that the other business partners fraudulently transferred corporate assets to themselves in the form of excess salary, contrary to their original agreement to receive equal salaries, and that he was thus owed an equal amount of compensation. Handler later amended Claim 27 to include legal fees, "goods sold," and indemnification by the debtor from any back taxes and penalties resulting from fraudulent transfers made by his partners to other corporate entities ("Claims 93, 94, and 95").

In June 1999, Handler moved to dismiss the Chapter 7 filing as fraudulent and to vacate the automatic stay, which the bankruptcy court denied on September 1, 1999. The district court thereafter denied Handler's motion for reconsideration on December 13, 1999.

Handler also moved to have the trustee removed for cause on the basis that the trustee's opposition to his motions evinced a bias towards his case.

At a February 16, 2000 evidentiary hearing held by the bankruptcy court, Handler testified principally about two claims. First, he stated that he was owed $767,557 in salary based on Hitzig's receipt of a salary greater than Handler's salary during the years of 1994 through 1997, in violation of an alleged agreement among the partners that Hitzig and Handler would receive equal compensation. However, he conceded that he had no evidence demonstrating an agreement among the partners that salaries were to be equal. Second, he claimed that he could be subject to back taxes for fraudulent transfers made by Hitzig and Schwinning. However, he stated that no back taxes were due at the time.

Based on these statements, the bankruptcy court expunged Claims 27, 93, 94, and 95, in their entirety by two orders dated March 1, 2000, finding that Handler had not shown, by a preponderance of the evidence, that he was entitled to additional compensation or to indemnification for back taxes. Additionally, on February 16, 2001, the bankruptcy court issued an order approving the settlement of Claims 1–14. Finally, on March 10, 2000, the bankruptcy court denied Handler's motion for a stay pending appeal to the district court.

On February 22 and 25, 2000, respectively, Handler filed notices of appeal to the district court from (1) the September 1, 1999 order, denying his motion to dismiss the Chapter 7 filing, and (2) the February 16, 2000 order, approving settlement of the estate, and the two March 1, 2000 orders expunging his Claims 27, 93, 94, and 95. On appeal to the district court, Handler argued, in pertinent part, that the bankruptcy court erred when it expunged his claims because he had proven that he was entitled to at least $22,500 in salary based on a stipulation entered by the parties while the action was in state court. According to Handler, this stipulation provided that he was to be paid an equal amount in compensation if either Hitzig or Schwinning earned over $7500. Handler further argued that Hitzig and Schwinning's allegedly fraudulent transfers violated B.C.L. § 720. Lastly, Handler challenged the denials of his motion to dismiss the Chapter 7 filing as fraudulent and to vacate the automatic stay and his motion for a stay pending appeal.

■ When the district court is acting as an appellate court in a bankruptcy case, its rulings are subject to plenary review, see *Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir.1994), and this Court reviews the bankruptcy court's determinations of law *de novo* and

accepts its findings of fact unless they are clearly erroneous. *See Bell v. Bell (In re Bell)*, 225 F.3d 203, 209 (2d Cir.2000).

■ We agree with the district court that Handler's notice of appeal from the bankruptcy court's September 1, 1999 order, which was not filed until February 22, 2000, was untimely. *See* Fed. R. Bankr.P. 8002(a) (ten-day limitation period in which to file a notice of appeal from an order of the bankruptcy court). We find no authority for appellant's claim that the ten-day statute of limitations is tolled in cases alleging fraud.

■ We further agree with the district court that the bankruptcy court's orders dated February 16, 2000, and March 1, 2000, were in the best interest of the estate. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968) (stating that bankruptcy court may approve a settlement where it is fair and equitable and in the best interest of the estate); *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.1983) (stating that reviewing court's duty is to canvass issues and see whether settlement falls below the lowest point in the range of reasonableness).

As the district court found, approving Handler's claims would have depleted the estate, leaving no funds for the outside creditors, and Handler made no showing that the debtor owed him equal compensation or that the debtor should indemnify him for any back taxes arising out of the alleged fraudulent transfer of funds. Moreover, we agree with the district court's conclusion that any tax liability arising out of alleged fraudulent transfers from the debtor to another company owned by Hitzig or Schwinning would not be taxed to the debtor, but to the company or individual who received the income. Thus, Handler will not be held responsible for such taxes in the future. Handler's claim that the state court stipulation proved he was a creditor of the estate, and thus his Claim 27 should not have been completely expunged, is not supported by admissible evidence in the record. The stipulation provided by Handler is not signed by either the debtor or the state court judge.

Additionally, we find that the district court did not err in construing Handler's motion for a stay pending appeal as a motion to suspend the bankruptcy proceeding pursuant to 11 U.S.C. § 305(a)(1), nor did the court err in affirming the bankruptcy court's denial of the motion given Handler's failed attempt to prove his claims.

■ Furthermore, Handler's claim under B.C.L. § 720 necessarily fails because, under New York Law, allegations of diversion of corporate assets constitute a wrong for which a shareholder may sue derivatively, but not individually. *See Abrams v. Donati*, 66 N.Y.2d 951, 953, 498 N.Y.S.2d 782, 489 N.E.2d 751 (1985). Although on appeal appellant frames his argument as a derivative claim, he did not do so below and it is thus waived. Finally, Handler's motion to dismiss the trustee for cause was meritless, as it merely expressed dissatisfaction with the opinions and conclusions of the trustee.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.