■ SOOK HI LEE, Appellant, v 401-403 57TH ST. REALTY CORP. et al., Respondents. [759 NYS2d 873] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered November 14, 2001, which, in an action to compel issuance of stock and also seeking an accounting and damages for corporate waste and mismanagement, after opening statements in a non-jury trial, insofar as appealed from, dismissed plaintiff's causes

of action relating to waste and mismanagement without prejudice, and denied plaintiff's motion to amend the complaint without prejudice to her alleging the proposed amendments in a new action, unanimously affirmed, without costs.

Plaintiff's eve-of-trial motion to amend the complaint so as to add six new defendants in a case already six years old was properly denied. To grant the motion would have required that the case be stricken from the calendar in order to afford the proposed new parties a fair opportunity to prepare a defense (*cf. Heller v Louis Provenzano, Inc.,* 303 AD2d 20, 23-24 [2003]), and it does not appear that the named defendants, or even plaintiff, were amenable to such a result. Similar considerations warranted denial of that part of plaintiff's motion to amend as sought to establish her ownership of the stock retroactively. Once the motion to amend was denied, there was nothing left to try. Defendants stipulated to the relief sought in the unamended complaint relating to share ownership, and the causes of action alleging waste and mismanagement were pleaded by plaintiff in her individual capacity and thus facially defective (*see Abrams v Donati,* 66 NY2d 951 [1985]). While plaintiff's motion to amend sought to plead the latter causes of action derivatively, it also, as noted, sought to add six new defendants. Under the circumstances, the "without prejudice" disposition of the proposed claims was a proper exercise of discretion. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.