■ JOSEPH LAMBERTI, Appellant, v 30 REAL ESTATE CORP. et al., Respondents. [778 NYS2d 690]—

Appeal from order, Supreme Court, Bronx County (Alan J. Saks, J.), entered April 2, 2003, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the first three causes of action in the complaint for failure to state a cause of action and to limit the fourth and fifth causes of action to acts encompassed within the applicable six-year statute of limitations, while granting so much of plaintiff's cross motion for leave to file and serve an amended complaint, unanimously dismissed, without costs.

Where, as here, an amended complaint has been filed, issues involving the original complaint are rendered academic, thereby warranting dismissal of the appeal (*cf. Bennett v City of New York*, 65 AD2d 731 [1978]). Were we to consider plaintiff's challenges to the disposition of defendants' motion to dismiss on the merits, we would find his arguments unavailing. Accusations of mismanagement, diversion of assets or fraud on the part of corporate officers or directors constitute wrongs for which a shareholder can sue derivatively, but has no standing to sue in his individual capacity (*Abrams v Donati*, 66 NY2d 951 [1985]). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Friedman, JJ.