Billig v Schwartz (2021 NY Slip Op 00250)





Billig v Schwartz


2021 NY Slip Op 00250


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Index No. 159735/17 Appeal No. 12883 Case No. 2020-01935 

[*1]Joseph Peleg Billig et al, Plaintiffs-Appellants,
v
Yisroel Schwartz Also Known as Isroel Schwartz et al., Defendants-Respondents.


Meyer, Suozzi, English & Klein, P.C., Garden City (Randall T. Eng of counsel), for appellants.
Winget, Spadafora & Schwartzberg, LLP, New York (Matthew Tracy of counsel), for Yisroel Schwartz, David Blaivas and David Blaivas & Associates, respondents.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for 28-90 Review Avenue Associates, LLC, 28-90 Review Avenue Equity, LLC, 97-31 Palermo Loft, LLC, 40-03 29th Street Lofts, LLC and LIC Verve Holdings, LLC, respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 9, 2019, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
We affirm on the basis of improperly pleaded intermingled derivative and individual claims rather than lack of standing, and without prejudice to replead.
The language of the complaint and amended complaint, when construed liberally, properly alleges that plaintiffs were present members of the corporate defendants and thus had standing to bring the derivative claims. Plaintiffs allege that they "are, and continuously have been, members" of the corporate defendants, "during the period of wrongdoing alleged herein and at the time of the transgressions complained of." The use of the present tense suggests that plaintiffs were members of the corporate defendants at the time the pleadings were filed, despite plaintiffs' later qualification that they were also members of the corporate defendants at the time of defendants' alleged wrongful conduct. Even if plaintiffs had failed to properly allege standing, they corrected these perceived defects through the affidavits they submitted in opposition to defendants' motions to dismiss (see Rovello v Orofino Realty Co. , 40 NY2d 633, 635-636 [1976]).
While it is somewhat unclear as to whether the motion court granted plaintiffs' motion to amend, the issue is not determinative. There remain pleading deficiencies on the face of the proposed amended complaint, which are dismissible for the independent reason that the individual and derivative claims asserted by plaintiffs are intermingled (Abrams v Donati , 66 NY2d 951, 953 [1985]). The intermingling of direct and derivative claims into single causes of action warrants dismissal of the complaint without prejudice (id. ; Barbour v Knecht , 296 AD2d 218, 228 [1st Dept 2002]).
In view of the foregoing, we need not reach the parties' remaining contentions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021