Sajust, LLC v Mendelow (2021 NY Slip Op 05835)





Sajust, LLC v Mendelow


2021 NY Slip Op 05835


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 655962/19 Appeal No. 14474 Case No. 2021-00111 

[*1]Sajust, LLC, Plaintiff-Appellant,
v
Cara Mendelow et al., Defendants-Respondents.


Kagen Caspersen & Bogart PLLC, New York (Russell Bogart of counsel), for appellant.
Schaeffer Venaglia Handler & Fitzsimmons, LLP, New York (Richard J. Schaeffer of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 10, 2020, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
Defendant's motion to dismiss the complaint was properly granted on the ground that plaintiff lacks standing to assert the claims in the complaint because they are derivative, not direct. Under New York law, a shareholder lacks standing to pursue a direct cause of action to redress wrongs suffered by the corporation (see Abrams v Donati, 66 NY2d 951, 953 [1985]). Rather, such claims must be asserted as derivative claims, for the benefit of the corporation (see id.). In determining whether a claim is derivative or direct, a court should consider "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually) and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)" (Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]).
Here, plaintiff, a member of FGLS Equity, LLC, alleged injury because the value of its capital account, akin to the value of shares in a corporation, was reduced. Such claims are derivative, "even if the diminution in value derives from a breach of fiduciary duty" (Yudell, 99 AD3d at 113-114; see also Serino v Lipper, 123 AD3d 34, 41 [1st Dept 2014] ["The lost value of an investment in a corporation is quintessentially a derivative claim by a shareholder"]). Therefore, plaintiff lacks standing to assert its diminution in value claim.
Plaintiff's allegation that Nancy Mendelow diverted the benefit of the so-called rollover amount, an FGLS asset, to defendants is also insufficient to establish standing. Even though plaintiff alleges an individual harm, the loss of a portion of the rollover amount, such claim cannot separately stand on its own because it is embedded in FGLS's harm, the loss of the entire rollover amount (see Serino, 123 AD3d at 40).
In light of the foregoing, plaintiff's arguments that it stated causes of action for breach of fiduciary duty, aiding and abetting same, and unjust enrichment are academic. We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021