24-871-cv
*Cable First v. Lepetiuk Engineering*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand twenty-five.

Present:

> GERARD E. LYNCH,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

CABLE FIRST CONSTRUCTION, INC.,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                 No. 24-871-cv

LEPETIUK ENGINEERING CORP.,

> *Defendant-Counter-Claimant-Appellee.*

_____

For Plaintiff-Counter-Defendant-Appellant:          Michael L. Walker,
                                                                              Law Offices of Michael L.
                                                                              Walker, Esq., PLLC,
                                                                              Brooklyn, NY.

For Defendant-Counter-Claimant-Appellee: LEWIS P. TRIPPETT,
Higgins & Trippett LLP,
New York, NY.

Appeal from a March 25, 2024 judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Cable First Construction, Inc. ("Cable First") appeals from the district court's dismissal of its breach of contract and related claims against Lepetiuk Engineering Corp. ("LEC"), a subcontractor it retained to install fiber optic cables for Altice Technical Services US Corp. ("Altice"), a cable television provider. The district court dismissed all of Cable First's claims at the pleading stage, except for the breach of contract claim, which proceeded to trial along with LEC's asserted counterclaims. At the subsequent bench trial, the district court found in favor of LEC. On appeal, Cable First challenges: (1) the dismissal of its claims of fraud, specific performance, and unjust enrichment; (2) the dismissal of John Quaranta, the purported owner and shareholder of Cable First, as a plaintiff party; and (3) the exclusion of an exhibit Cable First sought to introduce at trial.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

\* \* \*

This Court reviews *de novo* the grant of a motion to dismiss for lack of standing or failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946,

952 (2d Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). We review a trial court's exclusion of evidence "under an abuse-of-discretion standard." *United States v. Lee*, 833 F.3d 56, 73 (2d Cir. 2016) (internal quotation marks omitted).[1]

## I. Fraud, specific performance, and unjust enrichment

The First Amended Complaint failed to satisfy the pleading standards for fraud, specific performance, and unjust enrichment. A plaintiff alleging fraud under New York law "must show by clear and convincing evidence that the defendant knowingly or recklessly misrepresented a material fact, intending to induce the plaintiff's reliance, and that the plaintiff relied on the misrepresentation and suffered damages as a result." *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007). "When fraud is asserted . . ., [this Court] must [] view the complaint in light of [Federal Rule of Civil Procedure] 9(b), which requires that the circumstances constituting fraud . . . be stated with particularity." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127 (2d Cir. 1994) (internal quotation marks omitted). To state a claim of fraud with particularity, the "complaint must specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (internal quotation marks omitted).

[1] We assume, for the purpose of disposing of Cable First's evidentiary challenge, that its claim was preserved and thus not subject to plain error review. *See Carroll v. Trump*, 124 F.4th 140, 158 (2d Cir. 2024) ("Evidentiary objections not raised in the district court are reviewed for plain error only.").

Cable First argues that its First Amended Complaint sufficiently pleads the claim of fraud because it identifies that LEC: (1) left material paid for and intended for use in Cable First's project unattended; (2) represented to Cable First that it would not work with competitors; and (3) concealed the active conversion of Cable First's materials to the property of competitors while LEC worked with said competitors in violation of the Non-Compete Agreement. However, as noted by the district court, Cable First did not allege any specific statements, false or otherwise, or identify any specific speaker such that these allegations satisfy the pleading standard under Rule 9(b). *See Shields*, 25 F.3d at 1127–28; *Cohen,* 711 F.3d at 359. Therefore, the district court did not err in its dismissal of Cable First's fraud claim.

With regard to the specific performance claim, under New York law, "specific performance is an equitable remedy for a breach of contract, rather than a separate cause of action." *Cho v. 401-403 57th St. Realty Corp.*, 752 N.Y.S.2d 55, 57 (1st App. Div. 2002). Because we reject Cable First's only claim of trial error and Cable First did not otherwise appeal the district court's judgment finding for the defendant on its claim of breach of contract, Cable First's objection to the dismissal of its claim for specific performance is moot.

Finally, "[t]o recover under a theory of unjust enrichment under New York law, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Rynasko v. New York University*, 63 F.4th 186, 201 (2d Cir. 2023) (internal quotation marks omitted). Cable First did not appeal the lower court's dismissal of its breach of contract claim, and it has not otherwise sufficiently alleged how any alleged enrichment of LEC was unjust. **[A27]** Accordingly, its appeal of the lower court's dismissal of its unjust enrichment claim also fails.

4

## II.     Lack of Standing as to Quaranta

"A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that 'clearly evidence[ ] an intent to permit enforcement by the third party' in question." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (quoting *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 495 N.Y.S.2d 1, 5 (1985)). Under New York law, "a shareholder has no individual cause of action" "[f]or a wrong [committed] against a corporation." *Abrams v. Donati*, 66 N.Y.2d 951, 953 (1985).

Quaranta argues that he has adequate standing as a third-party beneficiary to the subject agreement because he has been injured as the owner of Cable First.   Not only is there undisputed evidence that he was not the owner of Cable First,[2] but there is no indication in the contract that any benefit was intended to be conferred onto Quaranta.  *See Premium Mortg. Corp.*, 583 F.3d at 108.   Moreover, even if Quaranta were a shareholder, he would be unable to bring an action against LEC in his own name.  *See Abrams*, 66 N.Y.2d at 953.   Therefore, the district court did not err in dismissing Quaranta for lack of standing.

## III.     Exclusion of Business Record at Trial

Under the Federal Rules of Evidence, a custodian must certify a business record before it is admitted.   *See Abascal v. Fleckenstein*, 820 F.3d 561, 565 (2d Cir. 2016) (citing Fed. R. Evid. 803(6)(a)–(e)).    We "will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous" and affected a party's substantial rights.   *Carroll v.*

---

[2] Quaranta unequivocally disavowed his ownership status during discovery.  *See* Supplemental App'x at 8–9 ("And who created – who formed Cable First, who were the owners?" "Lisa, my wife." "Okay. Have you ever been an owner of Cable First?" "No, she's the owner."). He testified similarly at trial.  *See* Appellant's App'x at 318 ("Mr. Quaranta, are you familiar with Cable First Construction Inc.?" "Yes, sir." "How are you familiar?" "It's my wife's company. I assist.").

*Trump*, 124 F.4th 140, 157 (2d Cir. 2024) (internal quotation marks omitted). "[A]n evidentiary error in a civil case is harmless unless the appellant demonstrates that it is likely that in some material respect the factfinder's judgment was swayed by the error." *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 62–63 (2d Cir. 2021) (alterations adopted and internal quotation marks omitted). During the bench trial, Cable First sought to admit as a business record what was identified as Exhibit 4, a hodgepodge of invoices and other documents sent by LEC to Cable First showing the value of the contract work, schedules, and other business documents. The district court did not abuse its discretion in excluding Exhibit 4 because Quaranta, through whom Cable First attempted to introduce it, was not a custodian of the record able to certify it as required by Fed. R. Evid. 803(6), which mandates that a custodian or other qualified witness testify that the record was made by someone with knowledge, kept in the regular course of business, and made as a regular practice. *See* Fed. R. Evid. 803(6)(D). In any event, the disputed invoices included in Exhibit 4 were also included in Exhibit 5, which was admitted at trial. Cable First has not shown a probability that the outcome of the trial would have been different had the district court admitted Exhibit 4.

## IV.     Appellee's Rule 38 Motion for Sanctions

During oral argument before this Court, Appellee orally moved for sanctions under Federal Rule of Appellate Procedure 38 based on Cable First's assertion—both in its complaints and on appeal—that Quaranta is the owner of Cable First, despite Quaranta's admission that the allegation was false. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.

Based on the misrepresentation as to Quaranta, as well as the plainly insufficient allegations in the pleadings, we find this appeal frivolous. Accordingly, we order counsel for Appellant to show cause why he should not pay double costs and fees under Rule 38. Counsel has thirty days from the date of this order to file a written statement concerning the propriety of sanctions.

*       *       *

For these reasons, we **AFFIRM** the judgment of the district court. Further, pursuant to Federal Rule of Appellate Procedure 38, counsel for Appellant is hereby **ORDERED** to show cause within thirty (30) days for why he should not be sanctioned.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court