**Schweitzer v Vincent**

2026 NY Slip Op 31049(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 651034/2025

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ANDREW BORROK** PART 53

*Justice*

-----------------------------------------------------------------------------X

KEITH SCHWEITZER,

                               Plaintiff,

               - v -

KRISTIN VINCENT, WARSHAW BURSTEIN LLP,

                      Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 651034/2025 |
|---|---|
| MOTION DATE | |
| MOTION SEQ. NO. | 006 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 143

were read on this motion to/for                  DISMISS           .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 144

were read on this motion to/for    ENFORCE/EXEC JUDGMENT OR ORDER    .

Upon the foregoing documents, the branch of Warshaw Burnstein LLP's (**Warshaw**) motion (Mtn. Seq. No. 006) seeking to have this case dismissed as against them is GRANTED. The branch of their motion (Mtn. Seq. No. 006) seeking sanctions is however DENIED. The Plaintiff's motion (Mtn. Seq. No. 007) for enforcement is DENIED as moot.

## THE RELEVANT FACTS AND CIRCUMSTANCES

This case involves a dispute over the operation of a hospitality management group, KMV Hospitality LLC (**KMV**), that was jointly owned by the Plaintiff (40% owner) and Defendant Kristin Vincent (60% owner).

651034/2025 vs.
Motion No. 006 007

Page 1 of 6

On February 27, 2026, the Court issued a Temporary Restraining Order (**TRO**; NYSCEF Doc. No. 8) pursuant to which Vincent was "required to immediately provide access to the books and records of KMV" (*id.*).

At the TRO hearing, the Plaintiff expressed concerns about Warshaw's representation of Vincent based on their representation of KMV of which he is an owner. Following the conference, on March 3, 2026, the Plaintiff filed a letter stating that Warshaw had not yet withdrawn from the case and that withdrawal was warranted due to "Warshaw's prior legal work for KMV Hospitality LLC" (NYSCEF Doc. No. 9). Ultimately, Gordon Rees Scully Mansukhani, LLP substituted Warshaw as Vincent's attorneys on March 21, 2025.

On May 13, 2025, the Plaintiff added Warshaw as a defendant to this action by filing a Second Amended Complaint (the **SAC**; NYSCEF Doc. No. 47). The Plaintiff asserted the following causes of action against Warshaw: (1) Aiding and Abetting Fraud (Fifth Cause of Action); (2) Intentional Misrepresentation (Sixth Cause of Action); (3) Breach of Fiduciary Duty (Seventh Cause of Action); (4) Fraudulent Conveyance (which is also asserted against Vincent) (Eighth Cause of Action); and (5) Abuse of Process (Ninth Cause of Action).

In the SAC, the Plaintiff's claims that it was damaged by brief representation of Vincent in this case and by invoices that Warshaw sent to KMV for legal services where both Vincent and the Plaintiff's name appear on the invoices (the **Reminder Statement**; NYSCEF Doc. No. 19 at 3). According to the SAC, the Reminder Statement includes work on a hotel deal that did not concern KMV and instead solely involved other entities that were controlled by Vincent.

[* 2]

Warshaw now moves to dismiss the causes of actions asserted against them and for sanctions. Separately, the Plaintiff now moves by order to show cause to enforce the provision of the TRO that ordered Vincent to provide the Plaintiff with access to KMV's books and records. Specifically, the Plaintiff alleges that he has been wrongfully denied access to KMV's Google Workspace account, which is a cloud-based system that houses KMV's emails, documents, and records.

## DISCUSSION

A party may move to dismiss one or more causes of action pursuant to CPLR 3211(a)(1) and (7). CPLR 3211(a)(1) requires dismissal where documentary evidence "conclusively establishes a defense to the claims as a matter of law" (*Gawrych v Astoria Fed. Sav. and Loan*, 148 AD3d 681, 682 [2d Dept 2017]).  Pursuant to CPLR § 3211(a)(7), a claim must be dismissed when the facts alleged do not fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87–88 [1994]).  The court must afford the pleadings a liberal construction and accept the facts alleged in the complaint as true, according the plaintiff the benefit of every favorable inference (*id.*).  Bare legal conclusions are not accorded favorable inferences, however, and need not be accepted as true (*Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999]).

Warshaw argues that the claims asserted against them must be dismissed because they are derivative in nature and that the Plaintiff did not bring a derivative claim.  Warshaw is correct.

[* 3]

"Allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" (*Abrams v Donati*, 66 NY2d 951, 953 [1985]).

Although in his opposition papers, the Plaintiff argues that he suffers reflective harm based on the Reminder Statement (for which he is **not** responsible), the argument fails. This is at best a derivative claim, and the Plaintiff lacks standing (*see Abrams*, 66 NY2d at 953). Equally important, the Plaintiff's perceived damages are too speculative (*see Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142-143 [2017] [internal citations and quotations omitted] [stating that "[i]f the fraud causes no loss" or the alleged loss is based on "speculative claims of possible future damages," then the plaintiff has not incurred any actionable damages]). As such, the branch of the motion seeking to dismiss the lawsuit brought against them is GRANTED (*see Leon*, 84 NY2d at 87-88).

For completeness, the Court notes that to state a claim for abuse of process, a party must allege "(1) [a] regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective (*Curiano v Suozzi*, 63 NY2d 113, 116 [1983]). Notably, "the mere commencement of a civil action by summons and complaint does not constitute abuse of process…, and the gist of the tort is the improper use of process after it is issued by an unlawful interference with one's person or property" (*Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 76 AD3d 556, 557 [2d Dept 2010] [internal citations and quotations omitted]). Sending a corporate bill to the attention of points of contact is simply not an abuse of process. It is also not an abuse of process to press a

claim for payment for services rendered or to press someone to drop claims and indicate that you intend to pursue sanctions if in fact the claims are not dropped if one believes that the claims lack merit. Finally, the Court notes that there simply was no prejudice to the Plaintiff in the timing of Warshaw's substitution (*see* 22 NYCRR § 1200.1.16 ["Even when withdrawal is…required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including…allowing time for employment of other counsel"]).

A court in a civil action is authorized to award the reasonable attorneys' fees and expenses incurred by a party as a result of the opposing party's frivolous conduct (22 NYCRR § 130-1.1 [a]). Conduct is frivolous for the purposes of a motion for sanctions if (1) it is completely meritless, (2) it is done to delay or prolong the litigation or to harass or injure another party, or (3) asserts false material statements of fact (*id.* at § 130-1.1 [c]). Schweitzer's conduct does not rise to the level of conduct warranting sanctions.

In opposition to the Plaintiff's motion to enforce the TRO's books and records provision, Vincent adduced evidence generated by an electronic discovery vendor that shows that the she authorized the Plaintiff to have access and in fact the Plaintiff does have access to KMV's cloud-based systems (*see* NYSCEF Doc. Nos. 138 & 139). The Plaintiff's moving papers fail to identify any other specific locations within Vincent's control where the KMV's books and records are maintained and to which the Plaintiff presently lacks access. Accordingly, the Plaintiff's motion is denied without prejudice as moot.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that Warshaw's motion (Mtn. Seq. No. 006) to dismiss the lawsuit against them is GRANTED; and it is further

ORDERED that the branch of Warshaw's motion (Mtn. Seq. No. 006) seeking sanctions is DENIED; and it is further

ORDERED that the Plaintiff's motion for enforcement (Mtn. Seq. No. 007) is DENIED as moot.

.

20260317134209AB0RR0K6C2C4K64313446EB904317495C522556

**3/17/2026**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]